UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| STATE FINANCIAL BANK, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 C 2674 |
| | ) |
| RETAIL STRATEGIES INT'L INC., | ) |
| RICHARD H. DONCKERS, COLLINS | ) |
| HAYNES, CARLOS RODRIGUEZ, | ) |
| PAUL K. POPE and DAVID M. | ) |
| MONTOYA, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff State Financial Bank (the "Bank") alleges that Defendant Retail Strategies International, Inc. ("RSII") defaulted on payments due pursuant to a lease agreement and that it is unjustly enriched by continued use of the equipment covered by the relevant lease. The Bank also claims that five of the personal guarantors of the lease, including Defendant H. Collins Haynes ("Haynes"), skirted their obligations to repay the Bank when RSII defaulted. The Bank further alleges that Haynes fraudulently misrepresented his net worth to IFC, a non-party who later assigned its interests under the lease documents to the Bank. Haynes filed a motion to dismiss the Bank's common law fraud claim under Federal Rules of Civil Procedure 12(b)(6) and 9(b). For the reasons stated below, we grant Haynes' motion without prejudice.

### BACKGROUND

According to the Complaint, Haynes delivered a personal financial statement to IFC on April 16, 2003 to induce it to enter into the lease arrangement with RSII. (Compl. ¶ 87.) In that statement, he claimed that his net worth totaled approximately $24 million. (*Id.* ¶ 95.) Although Haynes swore

that the April 16 statement was correct, "he knew that the information contained therein was materially false and inaccurate." (*Id.* ¶¶ 87-88, 96.) Indeed, his September 16, 2005 financial statement reflects a net worth of approximately $5.7 million, a significant decrease from April 16, 2003. (*Id.* ¶ 99.) IFC (and subsequently the Bank) reasonably relied on Haynes' false financial information in deciding to contract with RSII. (*Id.* ¶¶ 90-94.) Due to his misrepresentations, the Bank suffered a loss of nearly two million dollars, and this litigation ensued. (*Id.* ¶ 101.)

## STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Accordingly, dismissal under Rule 12(b)(6) is warranted only if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). When considering a motion to dismiss under Rule 12(b)(6), we accept all well-pleaded allegations as true. *Treadway v. Gateway Chevrolet Oldsmobile, Inc.*, 362 F.3d 971, 981 (7th Cir. 2004); *Thompson v. Illinois Dep't of Prof'l Regul.*, 300 F.3d 750, 753 (7th Cir. 2002).

## ANALYSIS

Haynes argues that the Bank fails to allege its fraud claim with sufficient specificity as required by Federal Rule of Civil Procedure 9(b). (Mot. at 2.) In particular, he claims that the Bank has not plead any specific misrepresentation contained in his April 16, 2003 financial statement.[1] (*Id.* at 3.) Rather, the Bank leaps to the illogical, unfounded conclusion that the

---

[1] Haynes does not claim that the Bank inadequately plead the other necessary elements of common law fraud under Illinois law. (Mot. at 2-3.) Accordingly, we focus our inquiry on whether the Complaint sufficiently alleges a false statement of material fact.

discrepancy between the April 2003 and September 2005 statements evidences fraud on Haynes' part. (*Id.*)  In response, the Bank argues that the Complaint plainly states that the April 16 financial statement "was materially false and inaccurate." (Resp. at 5.)  The narrow question before us, therefore, is whether the Bank's blanket claim that the April 16 statement was inaccurate – without greater specificity – satisfies Rule 9(b).  We conclude that it does not.

Pursuant to Rule 9(b), "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. Proc. 9(b).  In the Seventh Circuit, plaintiffs must plead "the who, what, when, where and how" of any alleged fraud.  *Katz v. Household Int'l, Inc.*, 91 F.3d 1036, 1040 (7th Cir. 1996) (*quoting DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)).  "Put differently, Rule 9(b) requires that a complaint identify who made the misrepresentation; state the time, place and content of the misrepresentation; and describe how the misrepresentation was communicated."  *In re Park*, 314 B.R. 378, 383 (Bankr. N.D. Ill. 2004); *see Byczek v. The Boelter Cos., Inc.*, 264 F. Supp. 2d 720, 722 (N.D. Ill. 2003).  In doing so, plaintiffs must allege particular words or actions by the defendant and explain why this conduct is fraudulent.  *Veal v. First Am. Sav. & Loan*, 914 F.2d 909, 913 (7th Cir. 1990).  *Compare Bantsolas v. Superior Air & Ground Ambulance Transp., Inc.*, No. 01 C 6168, 2004 WL 609793, at *3 (N.D. Ill. Mar. 22, 2004) (granting motion to dismiss where plaintiff failed to cite "any specific false claims, let alone allege[] why or how certain claims were false"), *and In re Park*, 314 B.R. at 383 (dismissing case where, among other things, plaintiff neglected to allege "what it was about these alleged actions that made them fraudulent"), *with Byczek*, 264 F. Supp. 2d at 722 (denying motion where counterclaim alleged misleading financial report even though opposing party knew the books did not support the

valuation and engaged in other acts to further the deception), *and Fugman v. Aprogenex, Inc.*, 961 F. Supp. 1190, 1194-1195 (N.D. Ill. 1997) (denying 9(b) objection where plaintiff described numerous fraudulent acts, identifying not only the speaker, time and substance but also "why the plaintiffs believe [them] to have been false or misleading"), *and In re. Am. Reserve Corp.*, 70 B.R. 729, 735 (Bankr. N.D. Ill. 1987) (holding complaint sufficient where it described "in what respects those statements were purportedly false"). In short, "[c]onclusory allegations do not satisfy the requirements of Rule 9(b)." *Veal*, 914 F.2d at 913.

In this case, the Bank's claim that the April 16 financial statement was misleading is conclusory and thus insufficient to state a claim for common law fraud. The Bank did not identify what aspects of the financial statement were purportedly false or why it suspects the information was inaccurate when delivered. The fact that Haynes' net worth deteriorated over the course of two and a half years does not, standing alone, raise an inference of fraud. *See, e.g., DiLeo*, 901 F.2d at 628 (noting in securities fraud context that "[b]ecause only a fraction of financial deteriorations reflects fraud, plaintiffs may not proffer the different financial statements and rest"). Because the Bank failed to plead any misrepresentation in the financial statement with particularity, we must grant Haynes' motion. Accordingly, we dismiss Count VIII.[2]

---

[2] The Bank – if it so chooses – within twenty-one (21) days of the date of this opinion may file a second amended complaint consistent with this opinion, as well as with Rules 9(b) and 11.

## CONCLUSION

For the above stated reasons, we grant Haynes' motion without prejudice. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated : 4/6/06

5